UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-19-RJC
(3:04-cr-227-RJC-DCK-1)

| | |
|---|---|
| MAURICE LYDELL BARNETTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), his Supplemental Motion to Vacate, (Doc. No. 3), on the Government's Response in Support, (Doc. No. 5), and on Petitioner's Response in Support, (Doc. No. 6). Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

### I. BACKGROUND

A.  Petitioner's Offense Conduct.

On May 23, 2004, Petitioner Maurice Lydell Barnette, a convicted felon, drove Vincent Lashawn Bonds to Rachel Street in Charlotte, where Petitioner pulled a rifle out of his trunk and one or both of them shot it several times into the air or in the direction of a parked car, in retaliation for a physical assault earlier in the week on Bonds. (Crim. Case No. 3:04cr227, Doc. No. 62 at ¶¶ 6-9: Presentence Report ("PSR")). Officers investigating a report of shots fired on Rachel Street stopped Petitioner's car following a chase and found a magazine containing 11

1

rounds of ammunition on the driver's floorboard and a 9-millimeter semiautomatic rifle in the trunk. (Id. at ¶¶ 6-7).

B. Petitioner pleads guilty to possession of a firearm by a convicted felon and is sentenced to 180 months in prison.

A federal grand jury indicted Petitioner and charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Id., Doc. No. 5: Superseding Indictment). Petitioner entered a straight-up plea of guilty to the firearm offense. (Id., Doc. 29: Acceptance and Entry of Guilty Plea). The probation officer prepared a Presentence Report and determined that Petitioner was an armed career criminal based on his prior convictions for assault with a deadly weapon inflicting serious injury, larceny from the person, and breaking and entering. (Id., Doc. No. 62 at ¶ 23). The probation officer calculated a total offense level of 31 and a criminal-history category of VI, yielding an advisory Sentencing Guidelines range of between 188 and 235 months in prison. (Id. at ¶¶ 25; 43; 74). Based on Petitioner's status as an armed career criminal, the probation officer also noted that he was subject to a statutory mandatory-minimum term of 180 months in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Id. at ¶ 73). Adopting the PSR, this Court sentenced Petitioner to 212 months in prison, followed by five years of supervised release. (Id., Doc. 50: Judgment). Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment. United States v. Barnette, 203 F. App'x 518, 520 (4th Cir. 2006).

On January 8, 2016, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career

2

criminal. The Government has filed a response, in which the Government agrees that Petitioner is entitled to sentencing relief under Johnson, and the Government further states that it is waiving any procedural defenses.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

3

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, No. 15-6418, 2016 WL 1551144, at *11 (S. Ct. Apr. 18, 2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.[1]

---

[1] Petitioner contends, and the Government concedes, that Petitioner's § 2255 motion is timely because it was filed less than a year after the Supreme Court decided Johnson. See 28 U.S.C. § 2255(f)(3) (stating that a defendant may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Moreover, the Government states in its response that, even if the petition were not timely, the Government would waive reliance on the statute-of-limitations defense because the Johnson error resulted in the improper application of a mandatory minimum term of

4

Here, Petitioner argues that his prior convictions for (1) assault with a deadly weapon inflicting serious injury and (2) larceny qualified as "violent felonies" under the ACCA only under the residual clause of the violent-felony definition and that his (3) breaking and entering offenses were not punishable by more than one year in prison as established in the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner argues, therefore, that he is entitled to sentencing relief under Johnson. Petitioner also asserts that he has now served more than the ten years to which he properly could have been sentenced, entitling him to immediate release.

Addressing, first, Petitioner's prior larceny convictions, the Government agrees with Petitioner that his larceny convictions do not constitute "violent felonies" for purposes of the ACCA. The Fourth Circuit held, before Johnson, that North Carolina's larceny offense does not satisfy the "force clause" of the violent-felony definition and qualified as a violent felony only under the residual clause. See United States v. Jarmon, 596 F.3d 228, 230-33 (4th Cir. 2010). Since Johnson, the Fourth Circuit has held that a larceny conviction cannot support an ACCA-enhanced sentence. See United States v. Taste, 627 F. App'x 241, 242 (4th Cir. 2015).

The Government also agrees with Petitioner that his prior breaking-and-entering convictions cannot support his ACCA-enhanced sentence. The judgments related to those convictions, attached to Petitioner's motion to supplement his motion to vacate, reflect that Petitioner had a prior record level of III when he was convicted of those Class H felony offenses. (Doc. No. 3-1). Under North Carolina's Structured Sentencing Act, the highest sentence he could have received for those convictions was twelve months. See N.C. GEN. STAT. § 15A-

---

imprisonment that also resulted in the imposition of a sentence above the otherwise-applicable statutory maximum.

1340.17(c) and (d) (2001). Accordingly, they were not punishable by more than one year, as required for them to be considered felony offenses for purposes of the ACCA.

The Government states in its response that it does not agree with Petitioner that his conviction for assault with a deadly weapon inflicting serious injury no longer qualifies as a "violent felony" for purposes of the ACCA in light of Johnson. The Government further asserts that it also appears that Petitioner's prior conviction for second-degree burglary is a violent felony under the ACCA. The Government states that it concedes, however, that, even with those two prior convictions, Petitioner does not have three adequate predicate convictions to support his classification as an armed career criminal. Accordingly, the Government concedes, and the Court agrees after reviewing the record, that Petitioner is entitled to sentencing relief under Johnson. Furthermore, because Petitioner has served well in excess of the 120-month statutory maximum for a non-ACCA, Section 922(g) offense, he is entitled to immediate release from custody.[2] Finally, the Court notes that Petitioner was given a supervised release term of five years following his custodial sentence. Because he no longer qualifies for an enhanced sentence under the ACCA, the appropriate term of supervised release for his Section 922(g) conviction is three years. See United States v. Geddie, No. 15-4478, 2016 WL 1399535, at *2 (4th Cir. Apr. 11, 2016). Therefore, Petitioner's term of supervised release is reduced to three years.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. Nos. 1; 3), is **GRANTED**.

---

[2] Petitioner notes that he has been incarcerated since September 24, 2004. See (Crim. Case No. 3:04cr227, Doc. No. 62 at 1). Therefore, not counting good time credit, he had already served 136 months as of the filing of the motion to vacate.

6

(2) Inasmuch as Petitioner is entitled to sentencing relief under <u>Johnson</u>, and because he has served a sentence that exceeds the statutory maximum to which his conduct exposed him, he is entitled to immediate release from custody. Petitioner is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. Petitioner's term of supervised release shall remain in place, but it shall be reduced from five years to three years.

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: May 9, 2016

Robert J. Conrad, Jr.
United States District Judge